SILAS D. OSBORN, Appellant, *v.* JAMES McCOWEN, Appellee.

APPEAL FROM MASON.

A note, drawn payable one day after date, and if not paid at maturity, to draw twenty per cent. interest, is usurious, if it was the understanding of the parties that it should not be paid when due, but should draw the rate of interest specified.

THIS was an action of assumpsit, commenced by the appellee against the appellant, in the Mason Circuit Court. The declaration contained the common money counts, and also the following special count, to wit:

"James McCowen, plaintiff in this suit, by Conwell & Wright, attorneys, complains of Silas D. Osborn, defendant, who was summoned, etc., in a plea of trespass on the case on promises, for that whereas the said defendant, heretofore, to wit, on the 9th day of June, A. D. 1859, at the county aforesaid, made his certain promissory note in writing of that date, and then and there delivered the same to the said plaintiff, in and by which said note said defendant, by the name, style and description of Silas D. Osborn, promised to pay the said plaintiff, by the name, style and description of James McCowen, or order, the sum of five hundred and thirty 10-100 dollars, and if not paid at maturity, twenty per cent. interest after maturity until paid, one day after the date thereof, for value received, which period for the payment thereof has now elapsed. By reason whereof, and by force of the statute in such case made and provided, the said defendant became liable to pay said plaintiff said sum of money mentioned in said note, and being so liable, in consideration thereof, then and there defendant promised to pay the said plaintiff the said sum of money according to the tenor of the note; and the said plaintiff avers that said defendant, by reason of the non-payment of said sum of money, according to the terms of the said note, at maturity thereof, has become liable to pay the plaintiff the sum of two hundred dollars for interest and damages for the non-payment thereof, and being so liable, the defendant promised to pay the same;" assigning common breach.

To the said declaration the appellant filed two pleas:

First. The general issue.

Second. A special plea as follows, to wit:

"And for a further plea in this behalf, the said defendant says, as to all the interest claimed on said note, *actio non*, because he says, at the time of the executing the said note, the said plaintiff agreed with the said defendant that he would give the defendant one year's time, if this defendant would give him twenty per cent. interest, which this defendant agreed to do,

and the agent of the said plaintiff then and there drew up the said note, due one day after date, and if not paid at maturity, to draw twenty per cent. interest after maturity, solely for the purpose of evading the usury laws; all of which this defendant is ready to verify."

To which second plea the appellee demurred, and the court sustained the demurrer.

The court then gave judgment against appellant for six hundred and sixty-eight and 72-100 dollars. The cause is now brought to this court by appeal.

LYMAN LACEY, for Appellant.

W. H. HERNDON, for Appellee.

CATON, C. J. If this plea is not good, then has the wit of man succeeded in devising a form of expression, which defeats the statute of usury, which a very high authority has said was impossible. But the plea is undoubtedly good. In form, the note is not usurious, as we have often decided. But there may be a thousand forms perfectly legal and fair on their face, which the intent of the parties may render in substance and in fact usurious. Where the form is fair, the intent of the parties must stamp upon it its true character. When this note was given, it was not the expectation or the purpose of either party that it should be paid at maturity, but the note was made payable one day after date, for the mere purpose of securing to the payee the right to take twenty per cent. interest during the whole of the balance of the time that the payment should be forborne. All of this is admitted by the demurrer, and it presents so palpable a case of an attempt to evade the statute, that it will not even bear discussion. The plea was good, and the demurrer should have been overruled.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*