Thomas L. Cooper, and B. and J. M. Beesly, Plaintiffs in Error, *v.* William Nook, Defendant in Error.

ERROR TO MASON.

In determining the question of usury, the intention of the parties should govern, without regard to the form of the contract.

An assignment of a note, in order to cut off a defense by the maker, must not only be before maturity, but must be *bona fide,* and, if made for that express purpose, will be invalid.

The payee of a note, before its maturity put his name upon the back of it, but kept it in his possession until after it became due. He then delivered the note to the attorney of the plaintiff, who was a non-resident. This was not a *bona fide* assignment, and did not prevent the maker from setting up the defense of usury.

This was an action brought by the defendant in error, against the plaintiffs in error, in the Circuit Court of Mason county. Judgment was given for the plaintiff below for the whole amount claimed, the defense of usury having been specially pleaded. The defendant brings the case to this court, by writ of error. The opinion of this Court states the case fully.

James Roberts, for Plaintiffs in Error.

Lyman Lacey, for Defendant in Error.

WALKER, J. This was an action of assumpsit, instituted on a promissory note. It was executed on the 3rd of February, 1859, for three hundred and thirty dollars, due in sixty days, with five per cent. interest per month after maturity, if not punctually paid, waiving all relief, valuation, stay, or exemption laws. The defense relied upon is usury. It appears from the evidence, that Loveland, the payee, loaned plaintiff in error, not exceeding three hundred dollars, and took the note for the sum therein named. That when the money was loaned, it was agreed, that the maker should pay five per cent. a month interest, and that thirty dollars by way of interest for the time the note was to run, was added in as principal.

It also appears from the evidence of the payee of the note, that he indorsed it in blank before it was due, but did not deliver it to any one, but retained it in his possession until after its maturity. He then placed it in the hands of the attorneys who brought the suit, with directions to fill up the assignment to defendant in error, who resided in the State of Mississippi. That the money which was loaned was Loveland's, and would be his when collected. He likewise testified that he always made it a practice to assign his notes to prevent the defense of usury or loss, but in this instance it was not done for that purpose, as he believed the makers would not interpose that defense.

In such transactions it is the intention of the parties, not the forms employed, which fixes its character. If it were otherwise, every species of fraud, oppression and wrong, might be perpetrated with perfect impunity. Hence in trials of questions of usury, it has ever been held that no device intended to cover up the real character of the transaction, can ever avail to defeat the statute. But in this case it stands confessed by the payee and beneficial plaintiff, that the transaction was usurious. And that the note never left his possession until after its maturity. And that when the money is collected it will be his. As no transfer of the note took place, until after it fell due, any defense that existed against the note before the assignment was filled up, may be urged against it in the hands of the present holder.

The mere indorsement of the payee's name on the back of the note, with the intention of filling up the assignment at some future time, to the plaintiff below, without a delivery to him or to his agent, cannot be held to constitute such an assignment as will pass the title. Nor will it cut off this defense. The transfer of a note for such a purpose, will not prevent the maker, even when made before maturity, from relying upon his defense. It is, however, otherwise, when

the assignment is made in good faith. The defendant in error, so far as we can see, at no time ever had any interest in the note. The assignment was, no doubt, intended to place it beyond the power of the payees to defeat the collection of the usury. To allow such shallow devices to defeat the statute and protect fraud upon its provisions, would amount to a denial of justice, and is too monstrous to meet the sanction of a court of justice. But the doctrine is well established and recognized, that upon an assignment, even before the note is due, if not *bona fide*, the same defense may be made in the hands of the holder as of the payee. 3 Kent, 91; 26 Ill. 494; 25 Ill. 218. In this case there can be no pretense that defendant in error is a *bona fide* holder, and the defense was proper and should have been allowed. The judgment of the court below is reversed, and the cause remanded.

*Judgment reversed.*