OLD NATIONAL BANK OF FORT WAYNE *v.* MARCY.

Opinion delivered May 28, 1906.

1.  BILLS AND NOTES—INNOCENT PURCHASER.—The fact that, at the time a bank purchased the last three of a series of five notes, it had notice that they were a series of notes, and given for an entire consideration, and that the maker had refused payment on the first two notes,

was sufficient evidence to sustain a finding that the bank was not an innocent purchaser. (Page 152.)

2. SAME—INSTRUCTION.—It was not error to instruct the jury that if a bank, as indorsee of certain notes, had actual knowledge of a defense thereto or of such facts indicating the defense that its action in purchasing the notes amounted to bad faith, it was not an innocent purchaser. (Page 153.)

3. SAME—NOTICE.—One who is told, before he purchases a note, that the maker refuses to pay it is not an innocent purchaser. (Page 153.)

Appeal from Crittenden Circuit Court; *Allen Hughes,* Judge; affirmed.

*L. P. Berry* and *A. B. Shafer,* for appellant.

1. The notes were executed, indorsed and payable in Indiana. The contractual rights of the parties are governed by the laws of Indiana. Rorer on Interstate Law (2 Ed.), p. 85; 14 Ark. 189; 125 Ind. 375; 25 N. E. 452; 13 Pet. 65. Our courts take judicial notice of the laws of Indiana. Kirby's Digest, § 7823. There being no statute governing the question in Indiana, the general law merchant applies. 118 Ind. 586; 21 N. E. 316; 61 Ark. 81; 32 S. W. 65.

2. The burden was on appellees to show that appellant had actual or constructive notice that the notes were given for a single consideration or that a valid defense existed to said notes. The fact that appellant had actual notice of the dishonor of the first two notes before it purchased the remaining three did not charge it with notice of all defenses, or that the consideration had failed, or that all the notes were given for a single consideration. 52 Fed. 98; 2 C. C. A. 637; 2 U. S. App. 282; 18 L. R. A. 201; 91 Tex. 294; 42 S. W. 1055; 19 Tex. Civ. App. 620; 15 Wis. 260; 45 *Id.* 110; 30 Am. Rep. 697; 64 Wis. 289; 25 N. W. 10; 59 Vt. 569; 10 Atl. 342; 29 Mich. 249. There is only one case to the contrary, 78 Ga. 129, 3 S. E. 5. Fraud is never presumed, but must be established by clear and satisfactory evidence. 22 Ark. 184; 68 *Id.* 391; 120 Ill. 403. Mere circumstances of suspicion not sufficient. 59 S. W. 41. When the evidence tends equally to sustain either of two inconsistent propositions, a verdict in favor of the party bound to maintain one of them against the other is necessarily wrong. 99 Mass. 605; 97 Am. Dec. 59; 57 Ark. 402.

3.    It was error to give the fourth instruction.    4 Mass. 370; 3 Am. Dec. 232.

*Frank Smith,* for appellees.

All the instructions asked by appellant were given, except to find for plaintiff. They were based on 61 Ark. 81, and as favorable as the law warranted. No. 4 was based on 4 Mass. 370, and was applicable. Fraud may be shown from concurrent acts, surrounding circumstances and subsequent conduct of parties. All the facts tend to prove notice to appellant that a valid defense existed to the notes, and that they were given for a single consideration. The case was properly submitted to the jury, and their verdict should be affirmed.

HILL, C. J. Appellee executed five promissory notes to Noble Machine Company, of Fort Wayne, Indiana, each for the sum of $300. The first one was due 97 days after date, and one fell due each month thereafter. The notes were plainly numbered on their face, No. 1, No. 2, etc. The notes were payable at appellant bank. They were assigned to the bank, and suit was brought by it upon them. The bank alleged that it was an innocent purchaser for value before maturity, and that was the only issue in the case. The evidence is uncontradicted that there was a partial failure of consideration, and the Noble Machine Company could not have recovered on the notes. The court directed a verdict as to the first two notes, and that action is not complained of. The jury returned a verdict in favor of the makers as to the last three notes.

1.    The chief contention is that there was no evidence to show that the bank had notice, and was not an innocent purchaser. The bank cashier testified positively and circumstantially to the purchase of each of the notes, which was for full value. Noble (who did business as Noble Machine Company) testified also to the sale of the notes in due course of business to the bank, and that the bank was without knowledge of the defense to them.

These facts were developed: All the notes were sold for face value and accrued interest, and indorsed by Noble, and by the bank credited to his account. The first two notes were sold November 24, 1903 (the notes were dated October 6, 1903), the

third was sold March 3, 1904, the fourth April 1, 1904, and the fifth April 7, 1904. On January 15, the bank at appellee's home, the Bank of Crittenden, received from appellant bank for collection the first note, and returned it to appellant on January 16, stating that payment was refused. On February 20, this bank again received this note together with note No. 2, for collection, and returned them to appellant bank, stating payment was refused. On March 8 the Bank of Crittenden received from appellant bank note No. 1 again, this time with directions to turn it over to lawyers for suit; notes 2 and 3 were received with similar instructions on March 17; note No. 4 was received from the appellant bank April 4, and returned April 14.

The cashier of appellant bank evidently saw the serial figures on the notes, and he says he thought the consideration for the notes was a sale of machinery. It will be noted that, after the purchase of the first two notes, and before the purchase of the third note, payment on No. 1 had been twice refused, and on No. 2 had been once refused. Before the fourth note was purchased suit had been directed on Nos. 1, 2 and 3. All of these matters were conducted through appellant bank, and of all of them it had notice of course, and this notice was certainly sufficient evidence to sustain a verdict that the appellant bank was not an innocent purchaser. These facts are strengthened by the conduct of appellant bank. Noble, the indorser, was one of its stockholders, a customer and a man of large means, and naturally would make good his indorsement on demand; and if he did not do so, the bank could have its lawsuit in its home court, instead of going into another State to pursue its remedy. Of course, it was within its rights to elect which party it would sue, but when it elected to leave home to do its suing when it had full and complete redress at home, the jury had a right to take that fact into consideration in weighing its claim of innocent purchase.

2. Was the jury correctly instructed? These were the instructions given:

"1. You will find for the plaintiff the amount of the first two notes.

"2. As to the other notes, the question for you to decide is whether or not the bank purchased them in good faith. The bur-

den of proof is on the defendant to show that the bank had actual knowledge of the defense made here when it bought the notes, or had actual knowledge of such facts indicating the defense that its action in taking the instruments amounted to bad faith. If the bank had such knowledge, you will find for the defendants as to the last three notes. If it had not, you will find for the plaintiff on all the notes.

"3. In order for you to find for the defendant in this cause, you must find that the plaintiff bank knew that all of these notes were given for a single consideration, or that the bank had such notice of that fact as would amount to bad faith on its part in the purchase of the last three notes.

"4. You are instructed that the purchaser of a note who, before purchase, is told that the maker refuses to pay it, is not a *bona fide* purchaser."

The second instruction is supported by *Thompson* v. *Love*, 61 Ark. 81; 4 Am. & Eng. Enc., Law (2 Ed.), 302 *et seq.*; 7 Cyc. 944.

The appellant contends that a purchaser of notes before maturity with notice of dishonor of the first two notes was not charged with notice of defenses against the remaining notes, including the defense that all were for the same consideration, and that it had failed in whole or in part. There is a conflict in the authorities as to the extent of notice of dishonor of one of a series of notes for the same consideration. 7 Cyc. 953, 954. The court took the view most favorable to appellant when he gave the third instruction. There was sufficient evidence to sustain the finding against appellant under this instruction. The cashier knew from the face of the notes that they were of a series, and he knew they were given for machinery, and knew Noble's course of business, and this was sufficient to justify the conclusion reached that the notes were given for a single consideration.

In regard to the fourth instruction, Daniel says: "It is quite clear and well settled that the purchaser need not have notice of the particular fraud or equity or illegality, in order to be affected by it. It is sufficient that there be notice, actual or constructive, that there is some fraud or equity or illegality affecting the original parties. * * * So if he knows the maker denies his liability or refuses to acknowledge it." 1 Daniel, Negotiable

Instruments (5 Ed.), § 799. This statement from the learned author directly sustains this instruction, and the authorities he cites in a general way sustain his deduction therefrom. This view is in consonance with the general principle governing the sufficiency of notice of defects which prevent the purchaser becoming entitled to the aegis of an innocent purchaser, and may be well taken as a sound application of the principle. See 7 Cyc. 944, 947; 1 Am. & Eng. Enc. Law (2 Ed.), 303; 2 Randolph, Com. Paper, 1021; *Goodman* v. *Simonds,* 20 How. 343; *Swift* v. *Smith,* 102 U. S. 442.

Finding no error, the judgment is affirmed.