J. P. BYRD, *et ux.*, v. MOLLIE W. SMITH, *et vir*.

152 So. 851

Division A.

Opinion Filed February 19, 1934.

*W. N. Henderson,* for Appellants;
*William E. Thompson,* for Appellees.

Davis, C. J.—Appellants, as complainants below, filed their bill in equity to rescind an executed agreement for the exchange of real estate in Hillsborough County. The chancellor dismissed the bill for want of equity and this appeal is concerned with that decree.

The bill undertakes to state an equitable course of action for rescission of an executed agreement to exchange real estate, and alleges that some two and one-half years prior to its filing, the defendant had falsely represented to complainant that the real estate conveyed by him as his part of the exchange was connected with the sewerage system of the City of Tampa, whereas it was only connected with a septic tank; that it was represented that the building was in good condition, whereas it leaked in time of rain, and that the exchange agreement provided for 6½ per cent interest per annum on the mortgage to be given back to defendant by complainant as part of the trade, whereas it actually was made to bear 7 per cent interest.

The bill shows affirmatively that complainant was "shown" the premises involved prior to exchange of the deeds, and that as confidential relationship existed between the parties at the time the exchange agreement was made, tender back to the defendant of the whole consideration received by complainant in the exchange was not incorporated in the bill, nor alleged to have been made, although an offer to do equity was stated in general terms.

The prayer was that after an accounting should be ordered and had, that a vendee's lien in complainant's behalf might be decreed on the property exchanged and in case of failure

of the defendant to discharge such lien by payment, that the property be ordered sold to satisfy the amounts found to be due to complainant and that the notes and mortgage of complainant that defendant then and theretofore had and held, should coincident therewith be delivered up and cancelled.

Our study of the pleading involved convinces us that the bill was properly dismissed on the authority of Glass v. Craig, 83 Fla. 408, 91 Sou. Rep. 332; Stokes v. Victory Land Co., 99 Fla. 797, 128 Sou. Rep. 408; George E. Sebring Co. v. Skinner, 100 Fla. 315, 129 Sou. Rep. 759, and similar cases.

Where a party charging misrepresentation as a ground for rescission of an executed exchange of lands, shows by his own pleading that at the time of exchange he was given an opportunity to institute inquiry for himself, and had ample opportunity at that time for obtaining information as to the real facts concerning that about which his bill for rescission now complains, and that he has delayed for more than two years the institution of any attempt to rescind on the ground that he has been theretofore misled by the alleged misrepresentations as to facts, about which he should have earlier learned the truth, a decree dismissing such bill for want of equity is proper and will be affirmed by an appellate court.

The citations of Stephens v. Orman, 10 Fla. 9; Riverside Inv. Co. v. Gibson, 67 Fla. 130, 64 Sou. Rep. 439, and Hart v. Marbury, 83 Fla. 317, 90 Sou. Rep. 173, relied on by appellants as supporting the equity of their bill, deal with facts which are not at all analogous to those set up in the pleading that was dealt with in the present case.

We find no error in the decree appealed from, so the same is affirmed.

Affirmed.

ELLIS and TERRELL, J. J., concur.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur in the opinion and judgment.