## A. J. ORME, TRUSTEE
### vs.
## O. F. & F. W. STENGEL

| Superior Court | Tolland County | File #3816 |

Present: Hon. ALLYN L. BROWN, Judge.

George H. Cohen,
Albrecht & Richman,            Attorneys for the Plaintiff.
A. S. Bill,                     Attorney for the Defendant.

### MEMORANDUM FILED APRIL 13, 1935.

BROWN, J.   After the original hearing upon this case on June 21, 1934, pursuant to the court's Memorandum of Suggestion filed July 28, 1934, the defendants filed an amendment to their answer and cross complaint August 18, 1934, setting up fraud; and the plaintiff filed its reply and answer respectively thereto September 24, 1934. By its Memorandum filed October 23, 1934, the court overruled the plaintiff's contention that the case should be determined upon the pleadings as amended without the taking of further evidence. The taking of such evidence, consisting of depositions of witnesses in Florida, together with the illness of the court, so delayed the determination of the case that counsel joined in a waiver of any objection under Sec. 5499 of the General Statutes filed January 17, 1935. Pursuant to the stipulation of counsel, filed January 28, 1935, the case was finally submitted for decision upon the evidence originally taken, the depositions above referred to, and the briefs originally filed, together with supplemental briefs filed during the first week of March, 1935. The named plaintiff having died

February 22, 1933, Alex M. Hitz, as successor trustee, was ordered substituted as party plaintiff June 21, 1934. The term "plaintiff" is used herein to refer to either the original or the substituted plaintiff.

The plaintiff sues to recover upon five unpaid negotiable notes of a series of six, each dated January 13, 1925, and for the amount of $306.66, and all identical as to their other terms, except that they are payable at intervals at the end of each succeeding six months, the first, which was paid, having fallen due July 1, 1925. The notes were given in addition to $920. paid in cash by the defendants in payment for Lot 40 in Block 12 of a real estate development owned by the Belleair Development Company, the payee of the notes, located in the town of Belleair, Florida. Counting upon "a failure of consideration" and "fraud and misrepresentation", the defendants upon the pleadings as amended rely upon these defenses in their answer, and in their cross complaint declare upon them as a basis for damages, set-off, rescission and equitable relief. By his reply, and his answer to the cross complaint, the plaintiff joins issue by a denial of the defendants' essential affirmative allegations.

The fraud and misrepresentation relied upon by the defendants consist of claimed false statements by the agent of the Belleair Development Company just before and at the time they purchased this lot and executed the notes here sued upon, January 13, 1925. These are of two kinds: The first were statements of existing facts, e.g. that: (1) the Company had on hand a fund of from one to one and one-half millions of dollars, to be used in the improvement of the land in this development as promised, irrespective of what might be received from lots sold; (2) no abstract of title need be gotten by the defendants for the Company owned the title in fee of all the land included in the development free and clear of any encumbrance; and (3) the Company had a very large fund available to purchasers of lots in the development for loans to enable them to build homes thereon. The second were promises, e.g. that: (1) sidewalks and curbs would be laid by the Company on all streets including the one in front of the lot purchased by the defendants without expense to them; (2) the defendants as lot owners would automatically become members of the Belleair Homes Association and thereby owners of an undivided interest in ten parks and commons as shown on a plan submitted, already deeded by the Company to the Association; and (3) the one and a half millions of dollars fund

above referred to would be used forthwith by the Company in the development, to build 15 miles of perfectly paved streets, 30 miles of curbs, sidewalks and gutters, a $300,000. water plant with 14-inch mains to furnish water for houses built, a shore drive and Esplanade on the water front, a sea wall, pier, pavilion, yacht club, yacht anchorage, children's beach, beautiful Spring House, Pompeian Casino and bathing pool, 18-hole golf course and country club, stores and community buildings, church, casino, community garage, open air theatre, private school, etc.

I find that the Belleair Development Company through its agent, did make the false statements of facts above recited, that these were untrue and were known by it at the time to be untrue in fact, that they were made with the intent of misleading and deceiving the defendants, and that they believing the same to be true, and relying upon the truth thereof were induced to purchase this lot, and pursuant thereto gave the notes here sued on. It is beyond dispute that such misrepresentations constitute actionable fraud. Williams vs. McFadden, 23 Fla. 143, 1 So. Rep. 618; Harrington vs. Rutherford, 38 Fla. 321, 21 S. Rep. 283; and other cases cited in VI of the Plaintiff's Supplemental Brief; Barnes vs. Starr, 64 Conn. 136, 150; Bradley vs. Oviatt, 86 Conn. 63, 67; Restatement of the Law of Contracts, Sec. 471 (a) and Conn. Annotations on the same Sec. 471, at Pages 311 and 312.

I further find that the promises above recited were also made in the same connection, that they were false and fraudulent and known by the Company to be such when made, and were made recklessly and with utter disregard as to their truth and the possibility of their performance, for the purpose of misleading the defendants and inducing them to purchase this lot, and that the defendants relying upon the truth thereof were induced to purchase this lot, and pursuant thereto gave the notes here sued on. Promises made under such circumstances constitute actionable fraud. Smith vs. Homeseekers Realty Co., Fla., 122 So. Rep. 708; Restatement of the Law of Contracts, Sec. 473 (e), and illustration 3; 27 A.L.R. 343, Note, at Page 350, III, b, 1 and 2.

Only in the event that the plaintiff is not a holder in due course, however, can this fraud avail the defendants in this action to collect upon their five notes outstanding. The note which the defendants paid in July, 1925, and the five here sued on, all identical as to date, makers and payee, place pay-

able, and all of their other terms except the due date, ren-
dering one payable at the end of each succeeding six months,
were all secured by the mortgage on this lot which describes
them, and which was assigned to the plaintiff together with
the notes.   I find that these terms of the notes and mortgage
per se disclose that they comprise a series, which they do,
and that this the plaintiff knew to be the fact when he ac-
quired them, and that he had such knowledge of the facts at
that time that his action in taking them amounted to bad
faith.   While the Belleair Development Company April 1,
1925 conveyed these notes and this mortgage with other col-
lateral to the plaintiff as trustee to secure a bond issue in the
amount of $250,000. this trust deed was cancelled and the
plaintiff's rights thereunder surrendered just prior to the ex-
ecution of a new trust deed of these and much of the other
same collateral, to the plaintiff as trustee to secure a bond
issue in the amount of $200,000.   This second trust deed was
given March 1, 1926 by Belleair Estates, Inc., which had
meantime succeeded to the rights of the Belleair Development
Company with full knowledge of the latter fraud in the trans-
action.   The first note of the five sued on, fell due January 1,
1926 and has never been paid.   Therefore, after it was so dis-
honored, the plaintiff in acquiring it on March 1, 1926, did
not become a holder in due course.   (Sec. 4369 General Sta-
tutes is the Connecticut enactment of this provision of the
Negotiable Instruments Act which was adopted by Florida in
1897.)   And since this note was one of the series comprised
of the four other notes also, the plaintiff was likewise not a
holder in due course of any of these four notes.   This is the
Law merchant.   Beasley Hardware Co. vs. Stevens, Ga., 155
S. E. Rep. 67; Old National Bank of Fort Wayne vs. Marcy,
79 Ark. 149, 95 S.W. Rep. 145, 9 Ann. Cases 339.   Such
governs in this case.   Compiled General Laws of the State of
Florida, 1927, Ch. II, Page 2167.   The Plaintiff is therefore
subject in this action to the equities existing between the de-
fendants as makers, and the original payee.   Sebring Co. vs.
Skinner, 100 Fla. 315, 129 So. Rep. 759.

The defendants, upon discovering the Development Com-
pany's fraud here, had their choice of rescinding the contract,
tendering back the lot received, and demanding a return of
the consideration paid; or of affirming the contract and de-
fending on the damage resulting to them from the fraud.
Bitondi vs. Sheketoff, 91 Conn. 123, 126.   Although their
prayers for relief include one for rescission, the lack of any

allegation of a tender back of the lot, or of at least willingness so to do, precludes a decree of rescission. **Piascyk vs. Malon, et als, 116 Conn. 418, 424.** Their pleading and conduct indicate rather an affirmance of the contract, and an election to rely upon the fraud as a defense, to reduce the plaintiff's recovery upon the notes by the amount suffered in consequence thereof. **Palmer vs. Frost, 86 Conn. 100, 105, 109.** The rule of damages in such a case is the difference between the value of the lot at the time of sale in view of the actual facts and what it would have been if the circumstances had been as represented. **Piascyk vs. Malon, et als, supra. 425.** I find $2,760., the agreed sale price, to be the latter valuation, and that the former, the actual value at the time of the sale, was substantially less than $1,223.66, the total of the down-payment plus the first note which the defendants paid. The defendants' total cash paid exceeded the last figure by $239.66, when the interest paid July 25, 1925, of $72.34, and the street assessments paid June 29, 1928, of $167.32, are taken into account. By reason of the fraud practiced upon them, the defendants when they had met the first note and interest to date in July, 1925, had paid for this lot substantially more than it was worth either then or at the time the purchase was made. Under the rule laid down in **Palmer vs. Frost, supra.,** therefore, the plaintiff is barred herein of any recovery upon any of the notes sued on.

As ancillary to this judgment for the defendants upon the issue of damages, they are entitled under their prayers for equitable relief, to a decree for the surrender by the plaintiff of the five notes sued on for cancellation, and a release of the mortgage given to secure the same. Counsel may submit a form of judgment in favor of the defendants to recover their costs, and including these further provisions.