**FIRST NAT. BANK AT EAST ST. LOUIS v. STREET IMP. DIST. NO. 326 OF CITY OF LITTLE ROCK, ARK., et al. (FIRST NAT. BANK OF ST. LOUIS et al., Interveners).**

No. 596.

District Court, E. D. Arkansas, W. D.

Jan. 5, 1943.

Owens, Ehrman & McHaney, of Little Rock, Ark. (Taylor Smith, of Farmington, Mo., on the brief), for plaintiff and interveners.

L. P. Biggs and Wallace Townsend, both of Little Rock, Ark., for defendant.

TRIMBLE, District Judge.

Street Improvement District No. 326 of the City of Little Rock, Arkansas, was a legally organized and existing corporate entity under the laws of the State of Arkansas, and as such was authorized to issue bonds to be repaid by funds derived from the collection of assessments of benefits upon the real property in the district.

Pursuant to this authority on January 1, 1924, the Improvement District issued bonds numbered 1 to 80 inclusive, and sold the bonds to the public. Included in this number of bonds were the bonds in suit, all of those in suit being for five hundred dollars each, bearing interest at the rate of 5½% payable semi-annually. Each of the bonds contained the following provision:

"This is one of a series of eighty (80) bonds aggregating Thirty-eight Thousand Four Hundred Dollars ($38,400.00), all of like tenor except as to denominations and maturities, and numbered from one (1) to eighty (80) inclusive, issued for the purpose of grading, draining, curbing, guttering and paving the streets within said district; * * * ".

On March 1, 1934, bonds numbered 1 to 39 inclusive had been paid or retired by the District, leaving bonds numbered 40 to 80 inclusive outstanding, the principal amount of the outstanding bonds being $20,-500.00. On that day, the defendant district, under authority of Act 112 of the Acts of the General Assembly of the State of Arkansas, 1933, issued refunding bonds bearing 4% interest, numbered 1 to 40 inclusive, totaling $20,500.00, and on September 30, 1934, the District executed a mortgage securing the payment of the principal and interest on the refunding bonds. This mortgage was duly placed of record.

These refunding bonds were exchanged for outstanding original bonds by one G. E. Burkholder, of the City of St. Louis, Missouri, who had been designated as exchange agent for the District, and Burkholder retained possession of the original bonds, being the bonds in suit, and did not surrender these original bonds to the District, and these bonds were never cancelled. No demand was made upon Burkholder by the District for the return of the original bonds surrendered by the holders in exchange for the refunding bonds. No notice of the issuance of the refunding bonds and their exchange for the original bonds was given by the District or by anyone for it, to the St. Louis Union Trust Company, the Trustee under the deed of trust securing the original bonds and the paying agent named in the original bonds.

G. E. Burkholder betrayed his trust and hypothecated the original bonds in his possession, which had been surrendered to him as exchange agent for the District, pledging them to the plaintiff and interveners as collateral to his own obligations to them, so that at the time these bonds came into the hands of the plaintiff and interveners they had the status of stolen bonds. It is conceded in the stipulation, which is filed in this case and on which it is tried as to facts, the plaintiff and each of the interveners accepted the bonds as collateral for a loan by Burkholder in regular course of business and without notice of any infirmity in the instrument or defect in title except such notice, if any, as was apparent on the face of the bonds. But it is not stipulated nor conceded that they are holders in due course.

In the tabulation made during the trial, and from the stipulation, it was shown that the following facts appear, as well as from the complaint, and they are not controverted by the parties.

The First National Bank of East St. Louis accepted bonds numbered 71, 72, 73 and 74, on March 25, 1939, the maturity date of the bonds being March 1, 1941. It is conceded by the defendant that the Bank is entitled to judgment for these bonds, or the amount for which they were accepted as collateral security. In its second loan it took bonds which were past maturity along with other bonds which were not yet matured. All of the other interveners accepted as collateral bonds, some or all of which were past maturity at the time they were accepted as collateral to loans of G. E. Burkholder.

Are the plaintiff and interveners holders in due course?

It is stipulated by counsel for the parties: "That each of the plaintiffs accepted the bonds as collateral for a loan by Burkholder in regular course of business and without notice of any infirmity in the instrument or defect in title except such notice if any as was apparent on the face of the bonds."

It is contended by the defendant that these bonds showing on their face that they were each one of a series of bonds, all issued at the same time, for the same purpose, and secured by the same instrument, and at the time the plaintiff and interveners accepted them some of the bonds they accepted being past maturity and unpaid, this was sufficient to put them on notice as to defenses to the bonds.

█ It is needless to discuss the general law as to "due course" and who are innocent purchasers. This case falls within the holding of the Supreme Court of Arkansas, in the case of Old National Bank v.

Marcy, 79 Ark. 149, 95 S.W. 145, 9 Ann. Cas. 393, and the cases cited to the annotation of Hobart M. Cable Co. v. Bruce, (135 Okl. 170, 274 P. 665), 64 A.L.R. 451, 458. See 3 R.C.L. p. 1080 and 8 Am.Jur. p. 178, where it is said: "If it appears on the face of notes that they form a series and were given for the same consideration, the fact that default has been made as to the payment of one or more notes fixed the transferee with notice of defenses against the others not yet due."

The case at bar is distinguished from those cases cited by the plaintiff and interveners in which only interest was past due. The holding in the case of Old National Bank v. Marcy, supra, is in line with practically all of the courts of last resort of the States on this question, only the Oklahoma Supreme Court holding differently. Hobart M. Cable Co. v. Bruce (annotations), supra.

■ All of these bonds showing on their face that they were each one of a series, issued at the same time, for the same consideration and purpose, and secured by the same instrument, and the fact that some of the bonds which were taken were past maturity and unpaid, was sufficient notice to put the transferees on notice of defenses to the bonds, and the plaintiff and interveners as to those bonds are not holders in due course.

■ The validity of the refunding bonds is not an issue here, as the original bonds were taken by the plaintiff and interveners from an embezzler, who himself had no title, and were not taken in due course. Therefore, they are not in a position to raise the question of validity as to the refunding bonds. Defendant has conceded that the plaintiff, First National Bank of East St. Louis, is a holder in due course as to bonds numbered 71, 72, 73 and 74, maturing March 1, 1941, and taken by it on January 25, 1939. In this the Court thinks they are correct, and that under the pleadings and stipulated facts it was a holder in due course and entitled to a judgment.

■ However, it is the contention of the defendant that the plaintiff is only entitled to judgment for the amount of money for which those four bonds were accepted by the plaintiff as collateral. The Court is of the opinion that under the law the plaintiff can only recover judgment for the amount of money which they loaned Burkholder on the security of these bonds, as one taking stolen bonds, although in due course, is only entitled to be made whole and is not entitled to more than that at the expense of the true owner. 3 R.C.L. 1061, National Bank of Commerce v. Bottolfson, 55 S.D. 196, 225 N.W. 385, 69 A.L.R. 892.

In the response to motion to make more definite and certain it is stated:

"2. The plaintiff, First National Bank of East St. Louis, states that on January 25, 1939, the said G. E. Burkholder borrowed from it the sum of Seven Hundred Dollars ($700.00) and pledged as collateral security for said loan bonds numbered 71, 72, 73 and 74, * * *" so that plaintiff is entitled to judgment for seven hundred dollars, with interest.

As to all other matters and amounts the defendant is entitled to judgment. It is conceded by plaintiff and interveners that certain of these bonds are barred by the five year statute of limitations, but under the holding of the court it is unnecessary to include that in this memorandum, but may be included in the findings of fact and conclusions of law, which counsel for defendant may prepare, with praecipe for judgment and submit to opposing counsel and the Court for entering.