98 So.2d 77 (1957)
Louis L. JAFFE, Appellant,
v.
ENDURE-A-LIFE TIME AWNING SALES, Inc., Appellee.
Supreme Court of Florida.
November 6, 1957.
*78 William W. Bailey and Herman T. Isis, Miami, for appellant.
Arthur A. Kimmel, Miami, for appellee.
HOBSON, Justice.
Appellee, plaintiff below, entered into a contract with appellant for the sale and installation of an awning upon appellant's building. After the awning was installed, appellant refused to pay for it, contending that it was not what he had bargained for. Appellee then commenced these proceedings to enforce a mechanic's lien against appellant's premises for the contract price. It was stipulated before trial that the contract was entered into and that the work was done pursuant to it, and the only issue to be tried was whether or not the work was done in accordance with the contract. The chancellor, before whom the case was heard, entered a final decree in favor of the plaintiff, from which defendant takes this appeal.
The contract between the parties provided that the dimensions of the awning should be 59 feet by 104 inches. The awning which was installed was capable of functioning as a hurricane shutter and had a hinged portion known as a "pan" inside of it, so that when the awning was let down in anticipation of a storm the window would be entirely covered and the width of the entire awning and "pan" when in such position (called the "closed" position) would be 104 inches. There was abundant testimony by representatives of the appellee that the dimension "104 inches" stated in the contract referred to the vertical measurement of the awning when in closed position. Appellant, however, testified that he had expected the awning, when open, to project outward from the building for a distance of approximately eight feet, whereas in fact it projected less than five feet. He also testified that he had not wanted the hurricane type awning. The contract shows a printed diagram and a rough sketch, but neither is clear on whether or not the awning was to be of the hurricane type. The contract does, however, provide for "full window coverage", and the engineer and installation manager for appellee testified that this referred to the hurricane type awning and that it was so explained to appellant. Two out of three sample installations which appellant had inspected were of the hurricane type. The salesman for appellee testified appellant was particularly desirous of not having his awning project over adjoining property, and an awning which projected horizontally for eight feet would have extended well over the property line.
Appellant relies upon an oral statement by the chancellor that there had been "a mutual mistake in thinking about this", contending that this is inconsistent in theory with the result reached in the final decree. This statement alone, however, cannot require a reversal of the final decree, in view of the familiar principle that a decision, if correct, can be supported on grounds other than those assigned by the trial court. *79 City of Miami Beach v. 8701 Collins Avenue, Fla., 77 So.2d 428; Cottages, Miami Beach, Inc., v. Wegman, Fla., 57 So.2d 439; 1 Fla.Law & Practice, Appeals, Sec. 148, and cases cited.
It is clear from this record that appellant had abundant opportunity to ascertain precisely what type and size of awning he was to receive under the contract, and that he knew, or should have known, what he was purchasing and causing to be installed. Appellant was a mature and experienced business man. Where the mistake complained of by a purchaser results from the want of that degree of care and diligence which would be exercised by persons of reasonable prudence under the same circumstances, equity will not relieve against it. Hancoy Holding Co. v. Lambright, 101 Fla. 128, 133 So. 631; Crosby v. Andrews, 61 Fla. 554, 55 So. 57. See also George E. Sebring Co. v. Skinner, 100 Fla. 315, 129 So. 759, and 5 Fla.Law & Practice, Contracts, Sec. 33 and cases cited. This principle is dispositive of the case before us, and the negligence of appellant removes the case from the principles which we applied in Langley v. Irons Land & Development Co., 94 Fla. 1010, 114 So. 769, upon which appellant relies. Note particularly the concurring opinion of Strum, J., in that case (114 So. 769, 772).
Appellant further contends that the mechanic's lien statute, F.S.A. § 84.01 et seq., is inapplicable under the facts of this case. We agree with the appellee, however, that this point cannot be considered for the first time here, since it was not raised below, the case having been tried upon the narrow stipulated issue to which we have previously alluded.
Affirmed.
TERRELL, C.J., and THOMAS, ROBERTS and DREW, JJ., concur.